**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  SHARON MARY ADAMS, | No.    19-60055 |
| Debtor, | BAP No. 18-1233 |
| ------------------------------ | |
| GARY ZIEBARTH; PAMELA ZIEBARTH, | MEMORANDUM* |
| Appellants, | |
| v. | |
| SHARON MARY ADAMS; DAVID BRENT ADAMS, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Kurtz, and Faris, Bankruptcy Judges, Presiding

Submitted December 9, 2020**
Pasadena, California

Before:  OWENS and LEE, Circuit Judges, and COGAN,*** District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Pamela and Gary Ziebarth (the Ziebarths) appeal from the Bankruptcy Appellate Panel's (BAP) affirmance of the bankruptcy court judgment. As the parties are familiar with the facts, we do not recount them here. We affirm in part and vacate in part, with instructions for the BAP to remand the Ziebarths' objection to retirement account exemptions to the bankruptcy court.

1. The bankruptcy court properly dismissed the Ziebarths' claims against Brent Adams. Under Article III, federal courts lack the "power to decide questions that cannot affect the rights of litigants in the case before them." *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (per curiam) (citation omitted). A bankruptcy court has no power to withhold discharge of debt from Brent because Brent has not applied for discharge of his debt. *See* 11 U.S.C. § 524. And because federal courts cannot issue advisory opinions, *Flast v. Cohen*, 392 U.S. 83, 96-97 (1968), the bankruptcy court cannot issue a judgment prohibiting discharge in case Brent petitions for bankruptcy in the future. While bankruptcy courts have jurisdiction over adversary proceedings "related to cases under title 11," 28 U.S.C. § 1334(b), the Ziebarths did not allege any claims for which the bankruptcy court could grant relief against Brent. The Ziebarths' prayer for relief did seek a declaratory judgment that Brent owes the Ziebarths for their damages, but it was not tethered

---

*** The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

to any claim asserted in the complaint.  And in any case, the bankruptcy court allowed the Ziebarths to proceed with their damages claims in state court, where trial was already pending, thereby exercising its discretion to lift the automatic stay and abstain from hearing state law adversary claims related to the bankruptcy proceedings under 28 U.S.C. § 1334(c)(1).  The bankruptcy court did not abuse its discretion in denying leave to amend because it would be futile for the reasons above.  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

2.  The bankruptcy court properly dismissed the § 523(a)(4) fiduciary duty claim against Sharon Adams.  This court has "adopted a narrow definition of 'fiduciary' for purposes of § 523(a)(4)."  *Double Bogey, L.P. v. Enea*, 794 F.3d 1047, 1050 (9th Cir. 2015) (internal quotation marks and citation omitted).  The applicable nonbankruptcy law must "clearly and expressly impose trust-like obligations on a party," and the fiduciary relationship must arise "from an express or technical trust."  *Id.* (citation omitted).  The Ziebarths did not allege facts plausibly establishing a fiduciary relationship with Sharon under this standard. Therefore, the claim was properly dismissed.

3.  The bankruptcy court improperly dismissed the Ziebarths' objection to Sharon's retirement account exemptions.  As the BAP correctly observed, the claim was brought within thirty days of the meeting of creditors and was therefore

3

timely under Federal Rule of Bankruptcy Procedure 4003(b)(1). But both the BAP and bankruptcy court erred in considering Sharon's motion to dismiss. An objection to a claim of exemption is a "contested matter" governed by the procedures set forth in Rule 9014. *See* Fed. R. Bankr. P. 9014 advisory committee's note to 1983 enactment ("For example, the filing of an objection to . . . a claim of exemption . . . creates a dispute which is a contested matter."). Unlike an adversary proceeding, a contested matter motion is not subject to a motion to dismiss. *See* Fed. R. Bankr. P. 9014(c) (specifying applicable rules, not including Rule 7012, which makes Federal Rule of Civil Procedure 12(b)(6) applicable to adversary proceedings). Therefore, we vacate the judgment of the BAP with respect to the Ziebarths' objection to exemptions with instructions to direct the bankruptcy court to allow the Ziebarths to proceed with the objection pursuant to the procedures set forth in Rule 9014.

4. The bankruptcy court properly entered judgment for Sharon on the § 727(a)(4)(a) false oath claim. To prevail on this claim, the plaintiff must show: "(1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently." *In re Retz*, 606 F.3d 1189, 1197 (9th Cir. 2010) (citation omitted). "Generally, a debtor who acts in reliance on the advice of his attorney lacks the intent required to deny him a discharge of his debts." *Id.* at 1199 (citation

omitted). The bankruptcy court did not clearly err in finding that Sharon and her counsel credibly explained the erroneous entries in her bankruptcy schedules and that Sharon relied on her counsel in good faith. Therefore, the court properly entered judgment for Sharon on this claim.

5. The bankruptcy court properly entered judgment for Sharon on the § 523(a)(2)(a) fraud claim. To prevail on this claim, the plaintiff must show five elements: "(1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct." *In re Deitz*, 469 B.R. 11, 24 (B.A.P. 9th Cir. 2012), *aff'd*, 760 F.3d 1038 (9th Cir. 2014). The bankruptcy court did not clearly err in finding that Sharon lacked an intent to deceive the Ziebarths and therefore properly entered judgment in her favor.

6. The bankruptcy court properly entered judgment for Sharon on the § 523(a)(4) embezzlement claim. Embezzlement in this context has three elements: "(1) property rightfully in the possession of a nonowner; (2) nonowner's appropriation of the property to a use other than which [it] was entrusted; and (3) circumstances indicating fraud." *In re Littleton*, 942 F.2d 551, 555 (9th Cir. 1991) (citation omitted). Because the Ziebarths failed to identify evidence supporting

5

this claim at trial or on appeal, the bankruptcy court properly entered judgment for Sharon.

7. This court need not remand to the bankruptcy court for further findings because the record allows a complete understanding of the issues and supports the bankruptcy court's conclusions. *See Simeonoff v. Hiner*, 249 F.3d 883, 891 (9th Cir. 2001).

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**